THOMAS M. CORNBROOKS, Respondent, *v.* TERMINAL BARBER SHOPS, INC., Appellant.

First Department, May 3, 1940.

*George W. Whiteside* of counsel [*Ralph D. Ray* with him on the brief; *Chadbourne, Wallace, Parke & Whiteside*, attorneys], for the appellant.

*Van M. Logan* of counsel [*David Mackay*, attorney], for the respondent.

PER CURIAM. When this case was previously under consideration by this court it seemed unnecessary to decide the defendant's appeal

from the order which had denied its motion for a new trial on the ground of newly-discovered evidence. It was then the opinion of this court that the plaintiff, as matter of law, had failed to establish facts sufficient to justify the submission of the case to the jury (255 App. Div. 522). For that reason this court withheld action on the defendant's motion for a new trial on newly-discovered evidence. The Court of Appeals reversed the judgment of this court dismissing the complaint and reinstated the verdict of the jury (282 N. Y. 217). In reversing the judgment that court clearly defined the scope of its decision, as follows: " The Appellate Division has reversed ' upon questions of law ' a judgment of the Supreme Court entered in favor of the plaintiff upon a jury's verdict and has dismissed the complaint upon the merits. Accordingly, upon our review of the judgment entered upon the Appellate Division's reversal our problem is to determine ' whether there was evidence which justified sending the case to the jury.' (*Bernstein* v. *Greenfield*, 281 N. Y. 77, 79.) " Necessarily, no question of newly-discovered evidence was considered or decided by the Court of Appeals for the question had not been decided here, if indeed such an order would have been appealable at all. We must, therefore, now consider whether a new trial should have been granted on that ground.

The facts are set forth in the opinion of the Court of Appeals and need not be restated in detail here. It is sufficient to say that there was presented at the trial a sharp issue of fact concerning the condition of the plaintiff's eye for a considerable time before he entered the defendant's barber shop on January 9, 1934. The plaintiff's evidence, if true, would establish that although he had suffered from myopia previous to that day he had no other disease of the eye which could have caused a loss of vision. The testimony offered by the defendant tended to establish that the loss of vision of the plaintiff's eye resulted from a disease which must have existed for a considerable time and which had caused the vitreous humor to liquefy.

We think the newly-discovered evidence may be decisive of that issue and that it requires the granting of a new trial. It consists of the evidence of an eye specialist who examined the plaintiff's eyes on April 10, 1933, about nine months before the plaintiff entered the defendant's barber shop and who, at that time, found the plaintiff to be suffering from chorio-retinitis and a liquid condition of the vitreous humor of the eye. This testimony was accidentally discovered after the trial and was not available previously to the defendant in spite of the exercise of the utmost diligence in its investigation of the facts. Even then the specialist refused

voluntarily to disclose the details of his examination or to make an affidavit. It thus became necessary for the defendant to secure the issuance of a commission to take his testimony in the State of New Jersey on written interrogatories, resulting in the evidence to which reference has been made. If that evidence be true, it establishes that the condition of which the plaintiff complains was not caused by any act of the defendant but was the result of a disease which existed for a considerable time before January 9, 1934.

The order denying the defendant's motion for a new trial on the ground of newly-discovered evidence should be reversed, with costs and disbursements to the appellant, and the motion granted.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.

Order unanimously reversed, with costs and disbursements, and motion granted.